IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MASJID MUHAMMAD-DCC, et al, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | C.A. No. 77-221-SLR |
| ) | |
| PAUL KEVE, et al, ) | |
| ) | |
| Defendants. ) | |

**DEPARTMENT OF CORRECTION ADMINISTRATORS'[1] RESPONSE TO PLAINTIFF AMIR FATIR'S MOTION TO ENFORCE JUDGMENT**

The Department of Correction, by and through undersigned counsel, responds to plaintiff's Motion to Enforcement Judgment as follows:

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

1. On or about October 22, 1979, plaintiff, Amir Fatir, f/n/a Sterling Hobbs joined with several Muslim inmates litigating an action against prison officials at the Delaware Correctional Center (DCC). See, *Masjid Muhammad-DCC v. Keve*, 479 F.Supp. 1311 (D. Del. 1979). This action involved prisoner claims that prison officials violated their rights under the First and Fourteenth Amendments. To begin with, plaintiffs claimed that the prison officials failed to provide them with a satisfactory pork-free diet and reliable information regarding pork content in the food.

2. Secondly, plaintiffs alleged that some of them had been disciplined because they refused to respond when prison officials addressed them by their committed

---

[1] On September 24, 2007, the Honorable Court issued an order directing defendants to file a response to Amir Fatir's motion to enforce a judgment of the court entered in *Masjid Muhammad-DCC v. Keve*, 479 F.Supp. 1311 (D. Del. 1979). Through the span of many years, all of the Defendants have concluded employment with the Delaware Department of Correction. This response is made on behalf of the current prison administrators' for the Department of Correction.

names instead of the assumed names taken after they were committed to prison.

    3.    After ten days of trial testimony, and accepting that the prison officials did not challenge the sincerity of plaintiffs' religious beliefs, the Honorable Court concluded that prison officials provided plaintiffs with a nutritionally adequate pork-free diet, and that the process of food preparation of non-pork foods did not become commingled with pork thereby contaminating the food. On the foregoing issues, the Honorable Court did not find that the DCC deprived Muslim prisoners' of their religious freedom. *Masjid Muhammad-DCC v. Keve*, at 1319.

    4.    However, because vendors continued to deliver items containing pork, affecting the Muslims ability to avoid consuming pork, the Honorable Court directed the prison officials to "institute a system reasonably designed to provide Muslim prisoners with information on pork content available to the food service personnel at D.C.C."[2]

    5.    In addition, the plaintiffs challenged a prison policy to refer to a prisoner only by his committed name when placed in DOC custody.[3] In addressing those concerns, the Honorable Court held that "to the extent that the policy inhibits or burdens plaintiffs' use of their Muslim names or their refusal to acknowledge their old names, its enforcement is inconsistent with the First Amendment." *Masjid Muhammad,* at 1323. The Court went on to state, "[i]t does not follow, however, that plaintiffs are entitled to have the institution and its staff utilize their Muslim names for all purposes." Id., at 1323-24.[4]

---

[2] Notwithstanding the "inmate observer" system served such purpose, the Honorable Court stated, "I am not prepared to say that plaintiffs have a right to that particular system or that there are not other systems which will serve as well." *Masjid Muhammad-DCC*, supra.

[3] Converts to the Muslim faith generally adopt new Muslim names. At the time of this decision, the Delaware Courts recognized a common law right to change one's name without court process. Amir Fatir has adopted his name, although he has not utilized court process to effect a legal name change.

[4] This Court has held that a Muslim inmate has no constitutional right to dictate how prison officials keep

Thus the Court denied plaintiffs an injunction requiring [prison officials] to use their Muslim names.

6. In 1979, the policy that mail addressed to an inmate in a name other than the name under which he was committed would not be processed was found to violate his right to freely practice his religion. Therefore, absent a compelling state interest, a policy directing the non-delivery of mail addressed to the prisoners in their Muslim names was prohibited.

**LEGAL STANDARD**

7. Federal Rules of Civil Procedure Rule 65(a) sets out the standard to bring into play injunctive relief. "[T]he grant of injunctive relief is an 'extraordinary remedy, which should be granted only in limited circumstances.'" *Instant Air Freight Co. v. C.F. Air Freight, Inc.*, 882 F.2d 797, 800 (3d Cir.1989) (quoting *Frank's GMC Truck CTR., v. Gen. Motors Corp.*, 847 F.2d 100, 102 (3d Cir. 1988)). The decision to grant or deny a motion for injunctive relief rests with the sound discretion of the district judge. *Eli Lilly & Co. v. Premo Pharmaceutical Laboratories, Inc.*, 630 F.2d 120, 136 (3d Cir. 1978).

8. The purpose of injunctive relief is to address a presently existing threat. *Continental Group, Inc. v. Amoco Chem. Corp.*, 614 F.2d 351, 359 (3d Cir. 1980) (quoting *Holiday Inns of Am., Inc. v. B & B Corp.*, 409 F.2d 614, 618 (3d Cir. 1969). Therefore, the party seeking an injunction must demonstrate that the threatened injury is immediate.

9. In order to grant injunctive relief, the court must be sufficiently satisfied that the party seeking relief has demonstrated a reasonable probability of success on the

---

their records of prisoners. *Al-Hagg Rauf Hassan Abdul Muhammad v. Redman*, Civil Action No. 78-12 (D. Del. January 11, 1978).

merits; immediate and irreparable injury will suffer if relief is denied; a grant of relief will not result in greater harm to the other party; and the public interest will be served by the grant of injunctive relief. *Clear Ocean Action v. York*, 57 F.3d 328, 331 (3d Cir. 1995); *Maldonado v. Houstoun*, 157 F.3d 179, 184 (3d Cir. 1998). "All four preliminary injunction factors should favor preliminary relief before injunction will issue." *S & R Corp. v. Jiffy Lube Inter., Inc.*, 968 F.2d 371, 374 (3d Cir. 1992).

### PLAINTIFF CANNOT SHOW LIKELIHOOD OF SUCCESS ON THE MERITS

10.  Fast forward to 2007, whereas plaintiff purports to have this Honorable Court revisit its earlier decision and enforce its ruling on prison officials. In essence, plaintiff is alleging that prison officials have violated his right to freely practice his chosen religion by requiring him to use both his chosen religious name and the name under which he was committed.

11.  The First Amendment "protects an inmate's right to legal recognition of an adopted religious name," *Barrett v. Virginia*, 689 F.2d 498, 503 (4th Cir.1982). Moreover, an inmate who has legally adopted a religious name has an interest in using his legal name with his commitment name. See *Fawaad v. Jones*, 81 F.3d 1084, 1086 (11th Cir.1996) (assuming without deciding that the interest exists). At least in cases in which an inmate changes his name after he is incarcerated, a prison requirement that inmates use their committed names in conjunction with new religious names is an appropriate accommodation of the competing interests of the inmate and the prison. *See Fawaad*, 81 F.3d at 1087; *Malik v. Brown*, 71 F.3d 724, 729 (9th Cir.1995); *Ali v. Stickman*, 206 Fed. Appx. 184 (3d. Cir. 2006).

12.  This Court has previously determined that a Muslim inmate has no

constitutional right to dictate how prison officials keep their records of prisoners. *Al-Hagg Rauf Hassan Abdul Muhammad v. Redman*, C. A. No. 78-12 (D.Del. January 11, 1978). Without a doubt, "a State may identify its citizens by any name, number or symbol it chooses, and it may do so consistent with the First Amendment even though the means of identification may be personally offensive to the person identified." *Masjid Muhammad – DCC v. Keve*, 479 F. Supp. 1311, 1324 (D. Del. 1979).

13.   In accordance with this Court's earlier pronouncements, plaintiffs' request for injunctive relief requiring defendants to use the prisoners' Muslim names for all purposes was denied. *Masjid Muhammad – DCC v. Keve*, 479 F. Supp. at 1324. The Court correctly held that DCC's policy of using committed names is religiously neutral on its face. *Id*. at 1324.

**PLAINTIFF CANNOT MAKE A CLEAR SHOWING OF IRREPARABLE HARM**

14.   It is clear, the Department of Correction "may not force inmates to use religiously offensive names to identify themselves upon pain or punishment or withdrawal of benefits or privileges without providing a compelling state interest." *Masjid Muhammad*, 479 F. Supp. at 1324. "Nor, absent a compelling state interest, can the State put a citizen to the choice of engaging in conduct or expression which is religiously offensive to him or her or suffering punishment." *Id.* For this reason, "a state may not, absent a compelling state interest, impose sanctions upon an inmate for failing to acknowledge that he is "John Smith" or for failing to perform a task under circumstances where performing it involves acknowledgment of a religiously offensive name." *Id.*

15. However, it is also clear, Muslim inmates are not free to disregard orders

whenever a member of the staff fails to address them by their Muslim names. *Id.* Certainly, an inmate may be disciplined if they disregard orders given by staff. *Id.* The District Court stated that "it simply means that an inmate may not be disciplined for his failure to acknowledge his non-Muslim name." *Id.*

16. Plaintiff Fatir has not provided any evidence that the Department has imposed sanctions upon him for failing to acknowledge his committed name or for failing to perform a task under circumstances where performing it involves acknowledgment of a religiously offensive name. Wearing a name tag in a prisoner's committed name for identification purposes is appropriate. In addition, the Department rescinded its practices of refusing to process mail addressed to inmates in their Muslim name. (See Hosterman Affidavit at Exhibit "A"). (Signature to be filed).

17. The General Assembly addressed the issue of prisoner legal name changes when it abolished the common law right of a prisoner to change his or her name. 10 Del. C. § 5901. In accordance with the statutory law, the Department instructed the staff to utilize the committed name and SBI number as a point of reference or identification. (See Exhibit A).

18. Furthermore, the Department of Correction sends to vendors bid specifications indicating that the Department will not accept any products that contain pork or pork extracts. (See Klein Affidavit attached as Exhibit "B"). Since changing to a no pork or pork products menu, the food services director for the DCC has not received any inquiries concerning pork being served. (Exhibit "B"). Plaintiff has failed to make an adequate showing that he faces immediate and irreparable harm.

WHEREFORE, based on the reasons set forth above, the Department of

Correction contends that the Plaintiff has not demonstrated an adequate showing to warrant the extraordinary relief that he is requesting. Therefore, the prison officials respectfully request the Court deny Plaintiff's motion for injunctive relief.

                                              **STATE OF DELAWARE**
                                              **DEPARTMENT OF JUSTICE**

                                              /s/ Ophelia M. Waters
Ophelia M. Waters, I.D. No. 3879
Deputy Attorney General
820 North French Street, 6th Floor
Wilmington, Delaware 19801
(302) 577-8400
ophelia.waters@state.de.us
Attorney for Department of Correction

DATE: October 22, 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MASJID MUHAMMAD-DCC, et al, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v.           ) | C.A. No. 77-221-SLR |
| ) | |
| PAUL KEVE, et al, ) | |
| ) | |
| Defendants. ) | |

## **ORDER**

AND NOW, this ____ day of _____, 2007, upon consideration of plaintiff's Motion for Injunctive Relief and the Response of the Delaware Department of Correction, IT IS HEREBY ORDERED that plaintiff's Motion for Injunctive Relief is DENIED as to Delaware Department of Correction.

_____
                                                                                              J.

## CERTIFICATE OF SERVICE

I hereby certify that on October 22, 2007, I electronically filed *Response in Opposition to Enforcement of Judgment* with the Clerk of Court using CM/ECF which will send notification of such filing. I hereby certify that on October 22, 2007, I have mailed by United States Postal Service, the document to the following non-registered participant(s):

Sterling Hobbs a/k/a Amir Fatir, Inmate
SBI No.: 137010
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE  19977

**STATE OF DELAWARE**
**DEPARTMENT OF JUSTICE**

/s/ Ophelia M. Waters
Ophelia M. Waters, Bar. I.D. 3879
Deputy Attorney General
820 North French Street, 6th Floor
Wilmington, Delaware 19801
(302)577-8400