IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AMIR FATIR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 77-221-SLR |
| | ) |
| PAUL KEVE, et al., | ) |
| | ) |
| Defendants. | ) |

Amir Fatir, James T. Vaughn Correctional Center, Smyrna, Delaware, pro se litigant.

Ophelia Michelle Waters, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for Department of Correction Administrators.

**MEMORANDUM OPINION**

Dated: February 18, 2009
Wilmington, Delaware

**ROBINSON, District Judge**

## I. INTRODUCTION

On June 14, 1977, several Muslim inmates filed this civil rights action alleging violations of their First Amendment right to hold religious beliefs. (D.I. 2) The case proceeded to trial and on April 9, 1980, judgment was entered on behalf of plaintiffs. (D.I. 75) Nearly thirty years later, Amir Fatir ("Fatir"), proceeding pro se, filed a motion to enforce the judgment. (D.I. 96) Fatir is currently housed at the James T. Vaughn Correctional Center ("VCC"), Smyrna, Delaware. The court denied the motion on March 5, 2008. (D.I. 112) On October 17, 2008, Fatir filed a second motion to enforce the judgment. (D.I. 114) For the reasons set forth below, the court will deny the motion.

## II. BACKGROUND

The background of this case is set forth in the court's March 5, 2008 order. (D.I. 112) Fatir moves to enforce the April 9, 1980 judgment pursuant to Rules 70 and 71 of the Federal Rules of Civil Procedure. In his initial motion he sought to enforce judgment pursuant to Rule 70. The court noted, however, that Rule 71 may allow him to enforce the judgment. One of the main issues in the first motion to enforce the judgment concerned the use of Fatir's Muslim name. Apparently the Delaware Department of Correction ("DOC") erred in its use of Fatir's name and, for a time, used his given name rather than his Muslim name. The error, however, was corrected. The court found that Fatir's other grounds for relief were not borne out by the record and denied his initial motion to enforce the judgment.

In his pending motion to enforce the judgment, Fatir states that he was called into the VCC office on October 10, 2008, and questioned by VCC personnel about the use

of his Muslim name. Fatir was told by Captain Karl Hazzard ("Hazzard') that "higher officials" told him to interrogate Fatir and then provide a recommendation whether to place Fatir under lockdown in the Security Housing Unit ("SHU") supermax or ship him across the country. Fatir goes on to state that Hazzard met with inmates affiliated with religious Sunni-Wahabi sect. The members provided Hazzard with the theory that Fatir was connected to a letter that allegedly threatened harm to corrections officers in retaliation for an inmate's placement in segregation or SHU. According to Fatir, Hazzard indicated that his recommendation could tie Fatir and another inmate to the letter, and the link would suffice to either transfer Fatir out of state or place him in SHU.

Fatir states that since he was successful in his efforts to have the DOC comply with the April 9, 1980 ruling, several Muslims have expressed their gratitude to him. He contends that Hazzard's intervention into religious affairs violates the doctrine of separation of church and state and that Hazzard's threatening acts are in retaliation for Fatir's participation in this lawsuit and exercise of his First Amendment rights to practice religion. Finally, Fatir states that he entered into a settlement in the case of *Fatir v. Snyder,* Civ. No. 95-677-GMS, and it precludes defendants from transferring him out of state. Fatir asks the court to enforce the April 9, 19890 order by ordering defendants to refrain from harassing, threatening, transferring, or segregating him due to this lawsuit and/or his religious principles.

## III. DISCUSSION

Rule 70 states in pertinent part: "If a judgment directs a party to . . . perform any . . . specific act and the party fails to comply within the time specified, the court may direct the act to be done at the cost of the disobedient party by some other person . . .

The court may also in proper cases adjudge the party in contempt." Fed. R. Civ. P. 70. Pursuant to Rule 71, if an order grants relief for a nonparty, or it may be enforced against a nonparty, the procedure for enforcement is the same as set forth in Rule 70. Fed. R. Civ. P. 71. The All Writs Act, in relevant part, provides that "all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). "[C]ourts have interpreted [the All Writs Statute] as authorizing injunctions to protect and effectuate their judgments." *In Reliance Securities Litigation*, No. Civ. A. 99-858-JJF, 2003 WL 1943320 (D. Del. 2003) (citing *Baker v. Gotz*, 415 F. Supp. 1243, 1247 (D. Del. 1976) (collecting cases)).

Fatir invokes Rules 70 and 71 and attempts to connect his retaliation complaints to this case. In essence, Fatir seeks either injunctive relief, or to bring a new cause of action for the alleged retaliatory conduct of Hazzard and unknown DOC officials. Notably, the April 9, 1980 does not speak to the issue of retaliation. Rather, the order resolves First Amendment religious issues for dietary claims and the use of Muslim names.

Fatir settled his claims and they were dismissed with prejudice prior to the time the case was tried. Fatir now claims that he did not understand the ramifications of dismissal "with prejudice" versus "without prejudice." (D.I. 114, ¶ 5) The time, however, has long passed for Fatir to take issue with how the claims he raised were dismissed.

Finally, the alleged actions of which Fatir now complains occurred nearly thirty years after entry of the final judgment and none of the individuals who have allegedly retaliated against Fatir were original defendants. Indeed, none of the original

defendants are presently employed by the DOC. (*See* D.I. 112 n.1) Fatir's motion to enforce the judgment is an inappropriate avenue for the relief he seeks.

## IV. CONCLUSION

Based upon the foregoing analysis, the court will deny Fatir's motion to enforce judgment. An appropriate order will issue.